United States District Court
Southern District of Texas
**ENTERED**
December 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **GERMAINE JAMES,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| V. § | **CIVIL ACTION NO. 4:19-CV-3499** |
| § | |
| **TOYOTA MOTOR CORPORATION, et al,** § | |
| § | |
| **Defendants.** § | |

## MEMORANDUM AND RECOMMENDATION

On June 1, 2020, the District Court ordered this case dismissed without prejudice and the case was closed. (Dkt. No. 8.) On November 3, 2020, the District Court further ordered:

> This action was dismissed without prejudice for failure to serve Defendants pursuant to Rule 4(m). Dkt 8. Plaintiff Germaine James proceeds here pro se. She previously moved to set aside the order of dismissal. Dkt 9. That motion was denied. Dkt 10. She moved for a second time to set aside dismissal of her claims and additionally requested a hearing. Dkts 11, 12. Those motions were denied. Dkt 13. James has now moved for a third time to set aside dismissal and to request a hearing. Dkts 14, 15. The Court has already explained the very limited circumstances for amending a judgment under Rule 59(e). Dkts 10, 13. Those circumstances aren't present here. The motions are DENIED. Dkts 14, 15. James is cautioned to refrain from filing further duplicative motions in this Court. Continuing to do so may result in imposition of sanctions. As previously noted, James may seek recourse before the Fifth Circuit by filing a notice of appeal to the extent permitted under applicable rules. See Dkts 10, 13.

(Dkt. No. 17.)

On November 16, 2020, the District Court issued an Order to Show Cause ordering Plaintiff to appear in person and show cause as to why she should not be restrained from further participating in these lawsuits and contacting court personnel; and why other sanctions should not be imposed. (Dkt. No. 18.) The District Court further ordered that all telephonic contact with the Court immediately cease and desist pending the hearing. (*Id.*) Finally, the District Court referred

the matter to this Court for disposition. (*Id.*)

On November 18, 2020, this Court set the Show Cause hearing for November 24. (Dkt. No. 19.) Plaintiff then emailed this Court's Case Manager requesting the hearing be reset to December 11. Based on Plaintiff's request, the Court reset the hearing to December 11. (Dkt. No. 20.)

On November 20, 2020, the District Court issued a subsequent Order ordering "that all informal contact with Court personnel of any kind - whether by letter, email, telephone, fax, or other means - must immediately cease and desist pending the hearing." (Dkt. No. 21.)

Despite the District Court's Order, Plaintiff emailed this Court's Case Manager on December 8, 2020 requesting a continuance of the December 11 hearing. This Court then ordered Plaintiff to appear either in person or on Zoom at 10:30 a.m. on December 11 for the Show Cause hearing. (Dkt. No. 28.) Plaintiff was further admonished to comply with the District Court's prior Order. (*Id.*)

On December 10, 2020, Plaintiff filed a request to reschedule the December 11 hearing. (Dkt. No. 29.) This Court never ruled on the request before the December 11 hearing, and thus Plaintiff was required to follow this Court's Order by appearing on December 11. Plaintiff failed to appear for the December 11 Show Cause hearing. (Dkt. No. 30.)

Finally, Plaintiff has filed two motions and two amended motions seeking to disqualify the District Court Judge and the Undersigned. (Dkt. Nos. 23-27.) Plaintiff has also filed motions requesting disclosure of evidence and electronic filings. (Dkt. Nos. 22-23.) The District Court did not refer any of these motions to the Undersigned, and therefore the Undersigned has not ruled on any of these motions.

This is a closed case (Dkt. No. 17) and Plaintiff has refused to appear for her Show Cause

hearing (Dkt. No. 30) and therefore further filings in this matter are frivolous, vexatious, and futile.

Accordingly, it is **RECOMMENDED** that Plaintiff, or any individual acting on her behalf, be enjoined from filing any further complaints, pleadings, motions, letters, emails, or actions of any kind in this case, and any attempt to do so shall not be docketed.

It is also **RECOMMENDED** that Plaintiff, or any individual acting on her behalf, be enjoined from making further informal contact of any kind in this case with the Court or Court personnel (including, but not limited to, in-person, telephonic, email, or letter), and that any such attempts at informal contact shall not be received.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. Appeal may otherwise be taken to the Fifth Circuit as provided for by law.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on December 17, 2020.

Sam S. Sheldon
United States Magistrate Judge