United States District Court
Southern District of Texas
**ENTERED**
January 26, 2021
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| GERMAINE JAMES,<br>     Plaintiff, | § CIVIL ACTION NO.<br>§ 4:19-cv-03499<br>§<br>§ |
| vs. | § JUDGE CHARLES ESKRIDGE<br>§<br>§ |
| TOYOTA MOTOR CORP<br>and MATSUSHITA<br>ELECTRIC INDUSTRIAL<br>CO LTD,<br>     Defendants. | §<br>§<br>§<br>§<br>§ |

## ORDER ADOPTING
## MEMORANDUM AND RECOMMENDATION AND
## RESOLVING OTHER LATE-FILED MOTIONS

The memorandum and recommendation by the Magistrate Judge disposing of an order to show cause is adopted as the Memorandum and Order of this Court. Dkt 31.

It is thus ordered that Plaintiff, or any individual acting on her behalf, is enjoined from filing any further complaints, pleadings, motions, letters, emails, or actions of any kind in this case. Any attempt to do so will not be docketed. Plaintiff, or any individual acting on her behalf, is further enjoined from making further informal contact of any kind in this case with the Court or court personnel. Any attempt at informal contact will not be received.

Several late-filed motions by Plaintiff to disqualify and for discovery are stricken. Dkts 22–27, 33. Any other pending motions are denied as moot.

1. Background

Plaintiff proceeds here *pro se*. Nine months after initiating her action, she still hadn't served Defendants Toyota Motor Corporation and Matsushita Electric Industrial Company, Ltd.

She was ordered to show cause why the case shouldn't be dismissed for failure to serve within the ninety days allowed under Rule 4(m) of the Federal Rules of Civil Procedure. Dkt 5. Plaintiff responded and attached a doctor's note dated in December 2004 indicating that she suffers from depression. Dkt 6; Dkt 6-1. She asked the Court to suspend prosecution of her case until she became well enough to proceed. Relief was denied because she neither suggested a timeframe for such stay, nor explained how her condition allowed her to file the complaint but not to serve it. The case was dismissed without prejudice on June 1, 2020. Plaintiff was advised of her right to take proper appeal from this dismissal. Dkt 8.

Plaintiff then filed three consecutive motions to set aside the dismissal order. Dkts 9, 11, 14. All were denied. Dkts 10, 13, 17. She was advised each time of her right to take appeal from these orders. With the third denial order on November 3, 2020, Plaintiff was warned to refrain from filing further duplicative motions. Dkt 17.

Plaintiff thereafter began making repeated and direct contact with court personnel, including to personal cell phones. Some of this contact included use of demeaning and disrespectful language.

Plaintiff was ordered on November 16, 2020 to appear and show cause as to why she shouldn't be restrained from participating further in these lawsuits and contacting court personnel, and why other sanctions shouldn't be imposed. Dkt 18. The show-cause hearing was referred for disposition to Magistrate Judge Sam S. Sheldon, who set the hearing for November 24th. Dkt 19. He reset the hearing to December 11th upon request from Plaintiff. Dkt 20.

In the interim, Plaintiff continued to make direct contact with court personnel, including multiple inquiries to the Office of the Clerk of Court. Plaintiff was then ordered on November 20th to cease and desist all informal contact with court personnel of any kind. Dkt 21.

Despite such order, Plaintiff then emailed the case manager to the Magistrate Judge on December 8th and requested a continuance of the December 11th hearing. The Magistrate Judge

instead ordered Plaintiff to appear either in person or by video conference on that scheduled date. Dkt 28. She then filed a motion for continuance on the day before the hearing. Dkt 29. That motion wasn't ruled upon. The setting on December 11th thus remained in effect.

Plaintiff failed to appear for the December 11th hearing.

The Magistrate Judge made two recommendations as to the show-cause hearing. Dkt 31. *First,* he recommended that Plaintiff "or any individual acting on her behalf, be enjoined from filing any further complaints, pleadings, motions, letters, emails, or actions of any kind in this case, and any attempt to do so shall not be docketed." Id at 3. *Second,* he recommended that Plaintiff "or any individual acting on her behalf, be enjoined from making further informal contact of any kind in this case with the Court or Court personnel (including, but not limited to, in-person, telephonic, email, or letter), and that any such attempts at informal contact shall not be received." Ibid.

Under Rule 72(b) of the Federal Rules of Civil Procedure and General Order 2002-13, objections were due December 31, 2020, being fourteen days after the entry of the Magistrate Judge's recommendations. Plaintiff filed a motion to extend the deadline to March 21, 2021. Dkt 32. That motion was granted in part, with the deadline extended to January 22, 2021. Dkt 34.

Plaintiff didn't file an objection by that extended deadline.

2. Legal Standard

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) Advisory Committee Note (1983).

3

3. Analysis

   a. Disposition of show-cause order

Plaintiff failed to object to the Magistrate Judge's memorandum and recommendation. All that is required to adopt those recommendations is review for clear error. Even so, the Court has again reviewed the record *de novo*.

No error appears on the face of the record, and certainly, no clear error appears. The recommendation by the Magistrate Judge as to the show-cause order is entirely proper and will be adopted as the Memorandum and Opinion of this Court.

   b. Disposition of other motions

As noted, Plaintiff's complaint was originally dismissed on June 1, 2020, and this action terminated that same day. Dkt 8. Reconsideration has been denied three times. Each time, Plaintiff was advised that her recourse was through appeal to the United States Court of Appeals for the Fifth Circuit. See Dkts 10, 13, 17.

Since then, and after the show-cause order entered, Plaintiff has filed five motions to disqualify this Court and the Magistrate Judge. See Dkts 24, 25, 26, 27, 33. She has also filed two motions to obtain evidence in that regard. Dkts 22, 23. The docketing of such motions after termination of this action was vexatious and futile. As such, those motions filed after June 1, 2020 are stricken pursuant to the inherent authority of a district court to "manage its docket and courtroom with a view toward the efficient and expedient" resolution of the case. *Dietz v Bouldin*, 136 S Ct 1885, 1888–89 (2016), citing *Landis v North American Co*, 299 US 258, 254 (1936).

Even so, the motions to disqualify warrant brief comment.

Plaintiff asserts that she is Black and moves to disqualify the Court and the Magistrate Judge on assertion of bias against her race. For example, see Dkt 33 at 3–5. But the Court entered its original order of dismissal and three denials of reconsideration without any awareness at all of Plaintiff's race. Dkts 8, 10, 13, 17. These were addressed strictly on the papers and without personal appearance by Plaintiff. The action was dismissed simply due to Plaintiff's refusal to properly serve the defendants in her civil action. Indeed, Rule 4(m) speaks in mandatory terms in this

respect. Plaintiff did assert a diagnosis of depression as preventing her from doing so, but only by reference to a note from December 2004. Dkt 6; Dkt 6-1. If nothing else, the course of conduct since dismissal of this action fully establishes that Plaintiff was capable of perfecting service and continuing with her action had she chosen to do so.

In the course of this matter, it has come to the attention of this Court that Plaintiff's son, Charleston Singletary, also has three actions pending before and assigned to this Court. Each of those actions challenge the same state-court criminal conviction upon plea of guilty to aggravated assault of a family member and aggravated assault of a public servant. The initial action is *Singletary v Texas*, No 20-cv-00645. The second is *Singletary v Texas*, No 20-cv-00747. It is identical to the first and so was consolidated. *Singletary*, No 20-cv-00645, Dkt 16; *Singletary*, No 20-cv-00747, Dkt 19. The third is *Singletary v Texas*, No 20-cv-03446. It is another identical lawsuit but hasn't yet been consolidated into the lead case.

Plaintiff asserts in her motions to disqualify that, as to her son, the Magistrate Judge and this Court have "followed court internal operating procedures to racially profile and treat Black petitioners as prisoners." Dkt 33 at 2. That assertion is simply and entirely unfounded. Upon his guilty plea, Singletary was sentenced to five years deferred adjudication and community supervision, meaning that he wasn't incarcerated. But he initiated his claim by using a form entitled "Petition for a Writ of Habeas Corpus by a Person in State Custody." *Singletary*, No 20-cv-00645, Dkt 1. Each of his other actions also used this same form. As such, the Clerk of Court opened the actions on the docket as prisoner *pro se* matters because that form is for use by those who are incarcerated.

These related actions by Plaintiff's son, while somewhat confused in their duplication, were proceeding in a relatively normal fashion. Indeed, in the lead case, the correct defendant was substituted, given that he wasn't in custody. *Singletary*, No 20-cv-00645, Dkt 21. And it was determined that summary dismissal wasn't warranted. *Singletary*, No 20-cv-00645, Dkt 37. And Singletary had filed a notice of voluntary dismissal without

5

prejudice. *Singletary*, No 20-cv-00645, Dkt 47. But he then, too, commenced frequent and inappropriate contact with court personnel with regard to his actions. He also filed similar motions to disqualify this Court and the Magistrate Judge and for discovery. *Singletary*, No 20-cv-00645, Dkts 52, 58, 59; *Singletary*, No 20-cv-03446, Dkts 25, 26.

Singletary was ordered—as was Plaintiff—to show cause why he shouldn't be restrained from further participating in these lawsuits and contacting court personnel, and why other sanctions shouldn't be imposed. *Singletary*, No 20-cv-00645, Dkts 50, 57. Unlike Plaintiff, he appeared for his show-cause hearing before Magistrate Judge Sheldon on a rescheduled date of December 31, 2020. Singletary was admonished to refrain from all informal and otherwise inappropriate contact with court personnel. *Singletary*, No 20-cv-00645, Dkt 63. He told the Magistrate Judge he understood the admonishment and that he would communicate the same to Plaintiff. Ibid.

This sufficiently explains that procedural and substantive decisions in this action have been made on the merits, with bias playing no part.

    4. Conclusion

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 31.

Plaintiff Germaine James and any individual acting on her behalf are ENJOINED from filing any further complaints, pleadings, motions, letters, emails, or paper of any kind in this action.

Plaintiff and any individual acting on her behalf are also ENJOINED from making any further informal contact of any kind in this action with the Court or court personnel.

The Clerk of Court is DIRECTED not to receive and not to docket any further filings in this action.

The Clerk of Court is also DIRECTED not to receive any attempt at informal contact in or related to this action.

The motions to disqualify and for discovery are STRICKEN. Dkts 22, 23, 24, 25, 26, 27, 33.

Any other pending motions are DENIED as moot.
SO ORDERED.

Signed on January 26, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge